MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 329*—*when sending of bills and retention thereof not evidence of liability for goods.* Where, in an action for the purchase price of goods sold and delivered, there is no evidence that the defendant contracted therefor and it appears that he, in fact, did not receive them, the mere sending to him of bills therefor by the plaintiff and the defendant's retention of them is of no value as evidence of the defendant's liability to pay for such goods.

2. CONTRACTS, § 69*—*when no right of action exists at law.* The law affords no relief for simply moral claims, as distinguished from legal claims.

3. SALES, § 329*—*when evidence insufficient to sustain judgment.* In an action for goods sold and delivered evidence *held* insufficient to sustain a judgment for the plaintiff.

---

**Joseph Guzik, Defendant in Error, v. Malgorzata Tomczak and John Tomczak, Plaintiffs in Error.**

### Gen. No. 21,192.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed January 17, 1916.

### Statement of the Case.

Action by Joseph Guzik, plaintiff, against Malgorzata Tomczak and John Tomczak, defendants, owners of premises leased by plaintiff, for damages for unlawfully entering upon the leased premises and making repairs. From a judgment for plaintiff, defendants appeal.

L. J. HAIGLER, for plaintiffs in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

LEE W. CARPENTER, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 433*—*what does not constitute extension of lease.* There was no extension of a lease where the landlord, before the expiration of the old lease, notified the tenant by letter that he would expect prompt surrender of the premises at the expiration of the term, as he had made a lease to another person; that possession was necessary to make needed repairs and that if the tenant remained in possession after expiration of the term he would be charged double rent; and, after expiration of the term, the tenant vacated the premises after the landlord commenced making repairs, and the subsequent tender of double rent was refused.

2. CONTRACTS, § 8*—*necessity of certainty in terms of.* A contract, in order to be binding, must be definite in all its provisions.

3. INSTRUCTIONS, § 118*—*when instruction refused as not applicable to evidence.* In an action for damages for unlawfully entering upon leased premises and making repairs, an instruction that it was the tenant's duty to vacate the premises at the time of the expiration of the lease unless the jury found from the evidence that the tenant made arrangements with the landlord whereby he was to retain possession after the expiration of the lease, *held* erroneous where there was no extension or renewal of the lease.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.